## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARBELLA CALDERON, | |
| Plaintiff, | |
| v. | Case No. 3:22-CV-02789-NJR |
| HARD CANDY, LLC, and WALMART, INC., | |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Remand to State Court (Doc. 11) filed by Plaintiff Marbella Calderon and two Motions to Dismiss (Docs. 13, 15) filed by Defendants Walmart, Inc. ("Walmart") and Hard Candy, LLC ("Hard Candy") respectively. Neither Defendant responded to the Motion to Remand. Calderon filed a response in opposition to the motions to dismiss. (Doc. 21).

### BACKGROUND

While eyelash curlers resemble medieval torture devices, they are used to enhance beauty. According to Plaintiff Calderon's experience, when eyelash curlers malfunction, they become what they resemble. While perusing Walmart, Calderon grabbed a Hard Candy X Marilyn Monroe Lash Shape and Curl eyelash curler from the shelf. (Doc. 1-3). She purchased the item and eventually put it to use. (*Id.*). She slid her eyelashes between the metal and cushioned curling bars, aligned the curve of the curler to her lash line, and squeezed the handles to apply tension and create a curl. (*Id.*). While squeezing, a

component of the curler snapped causing a sharp piece of metal to gouge Calderon's left eye. (*Id.*). This injury required emergent medical attention and extensive treatment. As a result, she suffered permanent vision damage. (*Id.*).

On October 6, 2022, Calderon filed a six-count state court complaint against Hard Candy and Walmart for strict product liability and negligence. (*Id.*). Walmart then removed this action from the Third Judicial Circuit Court in Madison County, Illinois. (Doc. 1). In seeking to remand this action, Calderon argues that Defendant Hard Candy did not file any notice of removal within 30 days of service of the complaint, and Walmart's Notice of Removal does not mention Hard Candy's joinder or consent to the removal. (Doc. 11). Once Walmart filed a separate "Consent" by Hard Candy, according to Calderon, the removal was untimely. (Docs. 7, 11). Interestingly, neither Walmart nor Hard Candy addresses the removal issues or effectively responds to the motion to remand.[1]  Instead, both Defendants filed separate motions to dismiss the complaint. Their motions to dismiss are brought pursuant to Illinois statute 735 ILCS 5/2-621, as non-manufacturer defendants certifying the identity of the manufacturer of the allegedly injurious product.

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

---

[1]  Pursuant to Local Rule 7.1(c), Defendants' lack of response could be interpreted as an admission of the merits of the motion.

court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Procedure for removal of civil actions is outlined in 28 U.S.C. § 1446. Section 1446(b)(1) provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).

In cases involving multiple defendants properly joined and served, all defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Each defendant has 30 days to file a notice of removal after receipt by or service on that defendant of the initial pleading or summons. 28 U.S.C. § 1446(b)(2)(B). Sometimes a situation arises where defendants are served at different times and a later-served defendant attempts to remove the action. In that circumstance, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

"While the time limitation imposed by [Section] 1446(b) is not jurisdictional, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) (internal citations omitted); *see also Collins v. Schnuck Markets, Inc.*, No. 22-cv-48, 2022 WL 488146, at *1 (S.D. Ill. Feb. 17, 2022). Thus, if the removing party fails to comply with the procedural requirements of removal and the opposing party raises a timely objection to the defect, the Court should remand the case to state court. *See* 28 U.S.C. § 1447(c); *Potter v. Janus Investment Fund*, 483 F. Supp. 2d 692, 703 (S.D. Ill.

2007). The removal statute should be interpreted narrowly, and courts should "presume that the plaintiff may choose his or her forum." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)). Generally, "there is a strong presumption in favor of remand." *Id.*

## DISCUSSION

Here, Calderon does not challenge removal on the basis of subject matter jurisdiction, instead, she claims that removal was procedurally defective for lack of consent by all defendants as mandated by 28 U.S.C. § 1446(b)(2)(A).

Walmart was served with the original state court complaint on October 31, 2022. (Doc. 1). Hard Candy was served on October 26, 2022. (Doc. 11-2). Within the permitted 30 days, Walmart filed its Notice of Removal on November 30, 2022. (Doc. 1). The Notice does not signify Hard Candy's joinder in or consent to the removal. Two days later, Walmart filed a separate document called "Consent to Removal" with an attachment indicating Hard Candy's written consent to removal. Walmart filed this document on December 2, 2022, just outside the 30-day removal window.

In her motion for remand, Calderon makes several arguments regarding the "first-served defendant" rule and posits that Hard Candy only had until November 25, 2022, to remove or consent to removal and thus could not consent to removal when Walmart filed a Notice of Removal at a later date. This argument puzzles the Court as the statutes concerning removal were amended over a decade ago adopting a form of the "later-served defendant" rule. Pursuant to Section 1446, when defendants are served at different times and a later-served defendant attempts to remove the action, any earlier-served

defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal. 28 U.S.C. § 1446(b)(2)(C). Thus, the Court ignores any "first-served defendant" argument made by Calderon.

The sole issue is whether Walmart's Notice of Removal is procedurally deficient for failure to comply with the unanimity rule in Section 1446. That rule dictates that, "all defendants who have been properly joined and served must join in or consent to the removal of the action[.]" 28 U.S.C. § 1446(b)(2)(A). Walmart filed its Notice of Removal on the last permitted day, November 30, 2022. If Hard Candy had joined or consented, removal would not be procedurally defective as the Notice itself was timely. But Walmart did not indicate that Hard Candy joined or consented in removal until two days later. In attempting to cure the deficiency and comply with the unanimity rule, Walmart filed a Consent to Removal notice. This notice was filed 32 days after initial service to Walmart, which exceeds the 30-day window for removal.

Aside from subject matter jurisdiction, defendants must establish compliance with the procedural requirements for removal. *Potter*, 483 F. Supp. 2d at 703. These procedural requirements are not jurisdictional, but they are mandatory and strictly applied. *Id.* Where there is a procedural defect in removal and the plaintiff raises an objection to that defect within 30 days of the date of removal, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c); *see also Disher v. Citigroup Global Markets, Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007). A failure to obtain consent to removal by all properly served defendants is a procedural defect. That failure may only be cured by filing the written consent *within* the 30-day timeframe. *See Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150,

2012 WL 3779315, at *3 (N.D. Ill. Aug. 30, 2012). Calderon has made a timely objection to this facial defect in Walmart's Notice of Removal, and as such, this action must be remanded to state court.

CONCLUSION

For these reasons, the Court **GRANTS** the Motion to Remand (Doc. 11) filed by Plaintiff Calderon. The case shall be **REMANDED** to the Third Judicial Circuit Court in Madison County, Illinois, due to the procedurally defective notice of removal. As such, the Court lacks jurisdiction to decide the Motions to Dismiss (Docs. 13, 15) filed by Defendants.

**IT IS SO ORDERED.**

**DATED:   July 17, 2023**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**